## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## TALLAHASEE DIVISION

FRANKLIN C. SMITH,

     Plaintiff,

v.                                   Case No.  4:21-cv-176-AW/MJF

OFFICER GLENDINEN, *et. al.*,

     Defendants.

_____/

## REPORT AND RECOMMENDATION

This *pro se* civil action is before the court for screening of Plaintiff Frank C. Smith's second amended complaint under 28 U.S.C. § 1915(e)(2)(B). (Doc. 9). From a review of the complaint, it is evident that the facts as presented fail to state a facially-plausible claim for relief against the named Defendants. Therefore, the undersigned respectfully recommends that the District Court dismiss Smith's complaint pursuant to 28 U.S.C. §1915(e)(2)(B)(i)-(iii).[1]

### I. PROCEDURAL BACKGROUND

On April 26, 2021, Plaintiff commenced this civil action pursuant to 42 U.S.C. § 1983. (Doc. 1). Although difficult to decipher, Plaintiff appeared to initially sue

---

[1] The District Court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(C); *see also* 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b).

five individuals, including police officers employed by the Tallahassee Police Department. Plaintiff asserted that Officer Glendinen and Sergeant Ryan colluded with members of the Bloods gang and arrested Plaintiff without doing an adequate investigation.

Because Plaintiff's complaint was deficient, United States Magistrate Judge Martin A. Fitzpatrick directed Plaintiff to amend his complaint. (Doc. 4). Judge Fitzpatrick provided Plaintiff until May 28, 2021, to file an amended complaint. On May 12, 2021, Plaintiff filed his amended complaint. The amended complaint appears to be unrelated to the original complaint. Instead, Plaintiff sued Judge Fitzpatrick in his individual and official capacity. He also sued Ashley Fitzpatrick, an attorney at a private law firm. (Doc. 5 at 3). The clerk of the court randomly reassigned this case to the undersigned.

Because Plaintiff's amended complaint suffered from substantial deficiencies, the undersigned directed Plaintiff to file a second amended complaint. (Doc. 7). On June 17, 2021, Plaintiff filed his second amended complaint.[2] (Doc. 9).

---

[2] Plaintiff also submitted a six-page handwritten document. It is unclear what this document is or its purpose. To the extent that Plaintiff intended it to serve as an amended complaint, it is deficient under the Local Rules. N.D. Fla. Loc. R. 5.7(A) ("The Court need not—and ordinarily will not—consider a . . . complaint that is not filed on the proper form.").

## II. Factual Background

According to Plaintiff, Judge Fitzpatrick, Ashley Fitzpatrick, Officer Glendinen, and Josh Watson—who purportedly is a member of the Bloods gang—violated Plaintiff's constitutional rights. Specifically, Plaintiff alleges that Defendants (1) violated 18 U.S.C. §§ 1512 and 1513, (2) denied Plaintiff due process by entrapment, and (3) retaliated against Plaintiff for filing a complaint against Judge Fitzpatrick. (Doc. 9 at 6). Plaintiff, however, offers no facts to support his claims. In its entirety, Plaintiff's statement of facts states:

> Judge Martin's immunity is dissolved supported by Karlow v. Fitzgerald, 457 U.S. 800, (182), which was penetrated when he and the defendants violated clearly established constitutional rights by abusing the legal process unjustifiably to an end other than that which it was designed to accomplish with a conscious commitment to a common scheme to achieve an unlawful objective constituting "conscious parallelism," due to Brooks & LeBoeuf illegally soliciting Plaintiff the day after he was arrested on [3/23/2021].

> It is irrefutable and undeniable that the daughter of Judge Martin A. Fitzpatrick, Ashley Fitzpatrick is employed at the Law Firm, Brooks & LeBoeuf and solicited the Plaintiff the day after he was arrested on (March 13th , 2021) contrary to the rule of law utilizing the "Blood Informant System" to post and trap Plaintiff into their scheme the same way that officer Victor [illegible] was killed in Norfolk, Va. on [Oct. 26, 2010].

(Doc. 9 at 4-5) (errors in original). Plaintiff also attached a letter from attorney John M. Leace offering Plaintiff a free legal consultation. (Doc. 9 at 9). Next to Mr. Leace's signature, Plaintiff handwrote "Ashley Fitzgerald." (*Id.*).

Plaintiff's "statement of claim" does not further elucidate his claims. Plaintiff

states:

> Because the Plaintiff falls under "The Americans with Disabilities
> Act," which carries greater protection pursuant to State and Federal
> Law, the ADA of 1990 "does not offer any immunity to the courts" to
> alleviate any possible discrimination and abuses upon a disabled
> person. Inter alia, and that it was deliberate and planned without any
> concern of the consequences rather to cause oppression in reprisal, as
> well as pain and suffering of torn tendons caused by long term
> handwriting until both arms went numb losing feeling.

> Therefore, due to the deliberate reckless disregard to our
> constitution and Plaintiff's health and safety depriving him of his
> guaranteed protection under the [ADA] without any medical or mental
> health care. Plaintiff is seeking 1.4 Billion dollars and to deter future
> criminal abuse of our legal system.

(Doc. 9 at 5).

## III. STANDARD

Because Plaintiff is proceeding *in forma pauperis*, the court is required to

review Plaintiff's complaint, identify cognizable claims and dismiss the complaint,

or any portion thereof, if the complaint "(i) is frivolous or malicious; (ii) fails to state

a claim on which relief may be granted; or (iii) seeks monetary relief against a

defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Determining

whether a complaint states a claim upon which relief can be granted is governed by

the standard set forth in Rule 12(b)(6) of the Federal Rules of Civil Procedure. Fed.

R. Civ. P. 12(b)(6); *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997). The

court must accept all well-pleaded factual allegations of the complaint as true and evaluates all reasonable inferences derived from those facts in the light most favorable to the plaintiff. *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994). To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The mere possibility that the defendant acted unlawfully is insufficient. *Id.* The complaint's factual allegations "must be enough to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678 (reiterating that although Rule 8 of the Federal Rules of Civil Procedure does not require detailed factual allegations, it demands "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."). A complaint may also be dismissed for failure to state a claim "when its allegations, on their face, show that an affirmative defense bars recovery on the claim." *Cottone v. Jenne*, 326 F.3d 1352, 1357 (11th Cir. 2003); *see also Jones v. Bock*, 549 U.S. 199, 215 (2007); *Marsh v. Butler Cnty.*, 268 F.3d 1014, 1022 (11th Cir. 2001).

## IV. DISCUSSION

### A.    Failure to State a Claim Upon Which Relief Can be Granted

Rule 8(a)(2) of the Federal Rules of Civil Procedure provides that to state a claim for relief, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." In other words, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Rule 8(a)(2) requires that the plaintiff provide sufficient factual allegations to provide defendants "adequate notice of the claim against them and the grounds on which those claims rest." *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018) (quoting *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1323 (11th Cir. 2015)).

Here, Plaintiff's complaint contains few—if any—factual allegations that would support his claims that Defendants deprived him of any constitutional right or retaliated against him. For example, Plaintiff's statement of claims does not mention Defendants Watson or Glendinen. Thus, he clearly fails to state a claim against Defendants Watson and Glendinen. Plaintiff also does not allege how Judge Fitzpatrick or Ashley Fitzpatrick retaliated against Plaintiff, and Plaintiff makes only conclusory allegations that these Defendants violated his right to due process or entrapped him. Thus, Plaintiff also failed to state a claim against Judge Fitzpatrick

and Ashley Fitzpatrick. For this reason alone, the District Court should dismiss this civil action.

**B.    Plaintiff's Claims under 18 U.S.C. §§ 1512 and 1513**

Here, Plaintiff alleges that Defendants violated two federal criminal statutes: 18 U.S.C. §§ 1512 and 1513. The "fact that a federal statute has been violated and some person harmed *does not* automatically give rise to a private cause of action in favor of that person." *Cannon v. Univ. of Chi.*, 441 U.S. 677, 688 (1979) (emphasis added). Indeed, only rarely does Congress use a federal criminal statute to create a private cause of action. *Chrysler Corp. v. Brown*, 441 U.S. 281, 316 (1979); *Chen ex rel. V.D. v. Lester*, 364 F. App'x 531, 536 (11th Cir. 2010) (citing *Love v. Delta Air Lines*, 310 F.3d 1347, 1352-53 (11th Cir. 2002)). Congress did not create a private cause of action in 18 U.S.C. § 1512 or 18 U.S.C. § 1513. *See Lundgren v. Universal Wilde*, 384 F. Supp. 3d 134, 136 (D. Mass. 2019); *Feldman v. Law Enf't Assocs. Corp.*, 779 F. Supp. 2d 472, 497 (E.D.N.C. 2011); *Shahin v. Darling*, 606 F. Supp. 2d 525, 538-39 (D. Del. 2009); *Gipson v. Callahan*, 18 F. Supp. 2d 662, 668 (W.D Tex. 1997). Because neither of these statutes creates a private cause of action, Plaintiff's claims pursuant to these statutes are frivolous. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (noting that a claim is frivolous when it lacks an arguable basis either in law or in fact); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (same). A

court must dismiss any claim that is frivolous. 28 U.S.C. § 1915(e)(2)(B). Accordingly, the District Court must dismiss this claim.

## C.    <u>Sovereign Immunity Precludes an Official-Capacity Claim</u>

Additionally, Plaintiff's official-capacity claim against Judge Fitzpatrick must be dismissed because Judge Fitzpatrick enjoys sovereign immunity.[3]

"Official-capacity suits . . . 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) (quoting *Monell v. New York City Dept. of Social Servs.*, 436 U.S 658, 690 n.55 (1978)); *Busby v. City of Orlando*, 931 F.2d 764, 776 (11th Cir. 1991). For "official capacity" claims, therefore, a defendant has the benefit of the sovereign immunity enjoyed by the United States government. *Graham*, 473 U.S. at 167; *Scott v. Taylor*, 405 F.3d 1251, 1254 (11th Cir. 2005); *Chincello v. Fenton*, 805 F.2d 126, 130 n.4 (3d Cir. 1986). This immunity bars Plaintiff's "official-capacity" claims against Judge Fitzpatrick. Simply put, *Bivens* claims are only allowed against federal officers in their individual capacity; they do not apply

---

[3] To the extent Plaintiff is alleging that Judge Fitzpatrick violated Plaintiff's constitutional rights while acting under the color of federal law, this claim would arise under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1854-55 (2017) (noting that the Supreme Court has created an implied damages remedy for certain Constitutional violations); *Abella v. Rubino*, 63 F.3d 1063, 1065 (11th Cir. 1995) (Noting that "[a] § 1983 suit challenges the constitutionality of *state officials*; a *Bivens* suit challenges the constitutionality of the actions of *federal officials*.").

to federal officers acting in their official capacities. *Corr. Servs. Corp v. Malesko*, 534 U.S. 61, 70-72 (2001); *F.D.C.I. v. Meyer*, 510 U.S. 471, 483 (1994). To the extent he is seeking to sue Judge Fitzpatrick in his official capacity, therefore, Plaintiff's claim must be dismissed.

## D.    <u>Judicial Immunity Precludes an Individual-Capacity Claim</u>

Additionally, Plaintiff's individual-capacity claim against Judge Fitzpatrick must be dismissed because Judge Fitzpatrick enjoys judicial immunity.

To ensure that judges have the ability to exercise "independent and impartial" judgment, the law grants them immunity from lawsuits for their judicial actions. *Antoine v. Byers & Anderson, Inc*., 508 U.S. 429, 435 (1993); *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978). "Judicial immunity is an absolute immunity . . . ." *Harris v. Deveaux*, 780 F.2d 911, 914 (11th Cir.1986). That is, judicial immunity "is an immunity from suit, not just from ultimate assessment of damages." *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (citing *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)). "Judges are entitled to absolute judicial immunity from damages for those acts taken while they are acting in their judicial capacity unless they acted in the 'clear absence of all jurisdiction.'" *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000) (citations omitted). This immunity protects judges from Plaintiff's *Bivens* claims seeking money damages and also claims for injunctive relief. *Stevens v. Osuna*, 877 F.3d 1293, 1308 (11th Cir. 2017) (citing *Bolin*, 225 F.3d at 1240-42).

A judge acts in the "clear absence of all jurisdiction" when the matter on which he acts is clearly outside of the subject matter jurisdiction of the court over which he presides. *See Dykes v. Hosemann*, 776 F.2d 942, 948 (11th Cir. 1985). "Whether a judge's actions were made while acting in his judicial capacity depends on whether: (1) the act complained of constituted a normal judicial function; (2) the events occurred in the judge's chambers or in open court; (3) the controversy involved a case pending before the judge; and (4) the confrontation arose immediately out of a visit to the judge in his judicial capacity." *Sibley v. Lando*, 437 F.3d 1067, 1070 (11th Cir. 2005) (*citing Scott v. Hayes*, 719 F.2d 1562, 1565 (11th Cir. 1983)).

Here, Plaintiff provides no factual allegations to support his claim against Judge Fitzpatrick. Plaintiff has not alleged what specifically Judge Fitzpatrick did or did not do that resulted in any constitutional violation. Thus, he has not sufficiently alleged that Judge Fitzpatrick acted without jurisdiction or outside his judicial capacity. Plaintiff's individual-capacity claim against Judge Fitzpatrick should be dismissed.

## E.    Failure to Allege that Ashley Fitzpatrick was Acting Under Color of Law

In addition to Plaintiff's general failure to state a claim against any Defendant, Plaintiff also failed to allege that Ashley Fitzpatrick was acting under color of law.

To state a claim under *Bivens* or 42 U.S.C. § 1983, a plaintiff must allege that the defendant who committed the alleged violations of constitutional rights was a person acting under color of law or that this person conspired with someone acting under color of law. *Malesko*, 534 U.S. at 71; *West v. Atkins*, 487 U.S. 42, 48 (1988); *Wood v. Kesler*, 323 F.3d 872, 882 n.16 (11th Cir. 2003). Like a section 1983 claim, *Bivens* "excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *Focus on the Family v. Pinellas Suncoast Transit Auth.*, 344 F.3d 1263, 1277 (11th Cir. 2003).

Here, Plaintiff states in a conclusory fashion that Defendants violated Plaintiff's clearly established constitutional rights and that the firm Brooks LeBoeuf "illegally solicit[ed] Plaintiff the day after he was arrested." (Doc. 9 at 4). When a plaintiff attempts to assert the necessary "state action" by alleging a conspiracy with government officials, "mere conclusory allegations with no supporting factual averments are insufficient; the pleadings must specifically present facts tending to show agreement and concerted action." *Hunt v. Bennett*, 17 F.3d 1263, 1268 (10th Cir. 1994) (citing *Sooner Products Co. v. McBride*, 708 F.2d 510, 512 (10th Cir. 1983)); *see also Wahl*, 773 F.2d at 1173 (holding that a "general conclusory allegation of conspiracy" will not bring a private party defendant within the realm of § 1983). Here, Plaintiff offers no more than conclusory allegations that Defendants formed a conspiracy.

To the extent he alleges that Ashley Fitzpatrick wrote a letter to Plaintiff offering to represent Plaintiff, this is contracted by his own exhibit. First, the letter was signed by attorney John Leace, not Ashley Fitzpatrick. Second, Plaintiff obviously handwrote the name "Ashley *Fitzgerald*" on the letter. (Doc. 9 at 9 (emphasis added)). Plaintiff has not alleged facts indicating that Ashley Fitzpatrick—or Ashley Fitzgerald—is affiliated with Brooks LeBoeuf. (*Id.*). But even if Ashley Fitzpatrick is affiliated with Brook LeBoeuf and sent a letter to Plaintiff to solicit business, that itself does not indicate that Ashley Fitzpatrick participated in a conspiracy to violate Plaintiff's rights with someone acting under color of law, or that Ashley Fitzpatrick herself was acting under color of law. For this reason too, the District Court should dismiss Plaintiff's claim against Ashley Fitzpatrick.

## V. CONCLUSION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that:

1.    The District Court **DISMISS** Plaintiff's claims pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

2.    The clerk of the court be directed to close the case file.

At Pensacola, Florida, this <u>16th</u> day of July, 2021.

/s/ *Michael J. Frank*

**Michael J. Frank**
**United States Magistrate Judge**

## <u>NOTICE TO THE PARTIES</u>

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. R. 3-1; 28 U.S.C. § 636**